## Beaston v. Beaston

*Andrew Banks*, for libellant.

RICE, P. J., August 23, 1946.—In this divorce action the subpœna was awarded and served personally and duly returned, but before the return day of the subpœna a petition was presented for the appointment of the master, setting forth the personal service of the subpœna, the failure of respondent to appear to file an answer, and the passing of the return day of the subpœna, whereupon the master was appointed. The Divorce Law of May 2, 1929, P. L. 1237, does not directly say when or how soon a master may be appointed, but in section 36, as amended by the Act of April 18, 1945, P. L. 255, it provides that, when neither party takes a rule for a jury trial, the court may hear the cause or a master may be appointed. Section 31 says that respondent may cause an appearance to be entered or file an answer, but does not specify any time limit. Section 35 provides that either party may apply for a jury trial, but does not fix any period of time within which that must be done. We think it is

within the province of the court to make rules fixing time limits for filing answers and applying for jury ·trials, but there are no rules of court on the subject in the counties of this district. Even without any rule of court, respondent should have a reasonable time after the service of the subpœna to file an answer or apply for a jury trial, and during that time libellant should not be allowed to move for a hearing before the court or apply for the appointment of a master. Respondent should have the time up to, and including, the return day for the purpose, at the very least. In this case the subpœna was served on May 28th and July 1st, a Monday, was the return day, and respondent had sufficient time up to, and including, the return day to appear, file an answer, apply for a jury trial, or, being the wife, apply for alimony, counsel fee or costs of her defense. In McCune v. McCune, 31 Pa. Superior Ct. 248, the appointment of a master before the return day of the order of publication was recognized as an irregularity. In Kreager v. Kreager, 24 D. & C. 314, 315, Judge Houck said: "The premature appointment of the master renders the subsequent proceedings void." See Campbell v. Campbell, 44 Pa. C. C. 162, Mahaney v. Mahaney, 44 Pa. C. C. 446, and Bell v. Bell, 1 Wash. Co. 291. We conclude that the appointment of the master was premature and is an irregularity and that such appointment and all subsequent proceedings must be set aside.

Adultery is the ground for application in this case, and the libel names the corespondent. That requires the application of the provisions of section 38 of the Divorce Law, as amended by the Act of May 25, 1933, ·P. L. 1020, which reads in part as follows:

"In any case for divorce on the ground of adultery, the libellant shall cause to be served personally, or by registered mail addressed to the last known post office address, a notice on any corespondent named and iden-

tified in the libel. . . . A notice sent by registered mail, addressed to the last known post office address of the corespondent, shall be equivalent to personal service of the notice. Such notice . . . shall be served at least ten days previous to the hearing."

It has been held that compliance with this section is mandatory: Brower v. Brower, 157 Pa. Superior Ct. 426, Group v. Group, 55 D. & C. 187. This section permits notice to a corespondent to be given by registered letter but does not require absolute proof that the mail was received. In any case where notice may be given by mail, there is a presumption that the mail, if properly addressed, is received in due course, but there is no presumption that it is received the same day it is mailed. In this case the notice was mailed at Mifflintown Post Office on July 5th, at 6 p. m., and was addressed to respondent at Carlisle, where it was received on July 6th. July 6th must, therefore, be regarded as the day of giving the notice, not necessarily because it was received that day but because that was the earliest day, considering the time needed to carry mail from Mifflintown to Carlisle, the notice could have been received by the corespondent. In the proper computation of time allowance should be made for the transportation of mail from the post office of mailing to the post office of the addressee. The hearing of the master in this case was fixed for July 15th, and since the statute requires the notice to be served "at least ten days previous to the hearing", July 15th must be excluded from the count of the 10 days. Counting July 14th as the first of the 10 days, July 6th is only the ninth day. Consequently, the corespondent was not given 10 days' notice of the hearing, and another hearing will have to be had, of which the corespondent must have 10 days' notice previous to the hearing.

Notices to respondents and corespondents should always be mailed sufficiently far ahead of the hear-

ings that there can be no question about the time elapsing between the mailing of the notice and the date of the hearing. As we said above, allowance should always be made for the time required in all probability for carrying the mail to the post office of respondent or corespondent and the delivery of the notice to him by a carrier or at the post office. It is very risky to mail such a notice on the 10th, 11th or 12th day before the date of hearing. Ten days' notice is little enough, and it should not be whittled down. The safest practice is to mail such notice 15 or more days before the hearing.

And, now, August 23, 1946, the order of June 24, 1945, appointing a master in this case is hereby revoked, and all proceedings before the master are now set aside, and leave is given libellant to move for the appointment of a master de novo.